I'd like to reserve two minutes of my time and I'll try to keep track of that. The other thing before I proceed with my argument, I should point out to the court. Why don't you wait one second until we get the people in and seated. Let's hope that does it. Okay. I wanted to point out to the court I want to reiterate or again make a request that the court consider releasing Mr. Bell. He has only two months remaining on his sentence. And I know that doesn't give the court a great deal of time to consider that. I had filed a motion for a bail pending appeal, which the district court denied. I filed a motion in this Court, but with Mr. Miqbel, which was also denied, with Mr. Miqbel only two months away from completing the 12-month sentence that the district court imposed. Let me ask you one question about that. Do you think that this Court has authority to do anything about the length of the sentence, or if we conclude that the district court was wrong, is the only remedy to remand to the district court to resentence? I had assumed that the appropriate remedy would be to remand to the district court. I don't think it can be said as a matter of law that the sentence was excessive. I do believe it was excessive. I don't know that you could say that as a matter of law. Well, in that case, in order to grant bail, wouldn't we have to be of the view that the district court is likely to change the sentence? Yes, I think that you – I think you would have to look at it that way, but I think you can look at that. And why would we grant bail instead of just getting it back immediately to the district court and letting him decide that? That would be fine, too, but he's taken – he's reviewed it already, and he denied bail. But if there is a – Well, he's denied bail on the theory that he was correct about his reasons for the sentence. Right. But, I mean, I'm just wondering whether it would really be in anybody's interest if we were to grant bail, it got back, and then a couple of weeks later the district court sent him back to jail or prison or wherever. Well, I've discussed that with Mr. McBell, and he's willing to take that risk. I think after hearing the district court's comments at the bail hearing in May, which were filed by the government as a supplemental excerpt of record, we are both confident that he will not – that the district judge, Judge Shub, will not again impose a 12-month sentence. And it has to do more with the second issue, whether the sentence was unreasonable. If I may, I'm going to just review my argument briefly. There are two questions that are important here, and the first question really is divided in two parts, whether the court was required to give reasons for its imposition of a sentence and whether it did so. And I think to understand that first question, you have to sort through the various cases. If the reason we reversed were that the district court were to give reasons, that certainly doesn't give you any reason to think that the district court would shorten the term of the sentence just because he had to give reasons. No. The reason I think the district court will shorten the term of the sentence is the second issue, which is I had argued that there was an unreasonable sentence. When I wrote my brief, I didn't have the benefit of the Court's comments in May. After I filed my brief in April, he had a bail – we had a bail hearing in front of the district court, and the district court said, this is the reason I imposed this sentence. Now, I had argued in my opening brief, and I'm arguing today, that 3553A2A, which is the factor asking the court to consider the need to promote respect for the law, the need to impose a just punishment, that factor is not one of the factors to be considered at sentencing for a supervisorial lease violation. It's a straight statutory argument. If you look at Section 3583E, which is the statute that governs revocation or modification or violations of supervisorial lease, it says the court shall consider the following factors. Is there anything in the material that you submitted or that occurred that makes you – leads you to believe that the district court, if it concluded or if it were advised, either – that punishment was not a proper factor to consider, would give a shorter sentence? Yes. Well, he does – the district court did say if punishment is – this is a supplemental excerpt of Record 8 – but if punishment is the sentence that's imposed in order to promote respect for the law and to provide just punishment for the offense, as that is used in Section 3553A2A, then I did think that you could take that into account. And then later in this order, I don't have the case. I don't have – I'm not asking you whether he based his sentence in part on the view that it was proper to – to use punishment as a factor. I asked you if you had anything in the record that led you to believe that if that was the sentence. Yes. And I'm looking for that – that page. Well, he does say that he won't consider punishment. Right. Is that something else you're looking for? He says – pages 10 and 11. I cannot conclude that there is no possibility or not even that there is no probability that the appeal will result in either a reversal or a reduced sentence. Now, he doesn't say what sentence he would impose, but he does say – He's – the judge is obviously upset that his – you know, that the supervised relief wasn't being complied with and his orders were being constantly violated. So I'm having a little trouble under the facts of this case making much distinction between deterrence and punishment, so that if it goes back under the deterrence count, it seems like it might come out exactly the same way. You may well be right about that. It may be that the judge sentencing looks at it and says, I don't believe that this will be – that the 10 months he's now served is adequate to deter him. I think as a practical matter, what will happen if the case is reversed and Mr. McBell is freed in time to not moot the appeal, that we'll probably all agree, including the judge, to a sentence of time served, because it's been a fairly severe sentence. That's simply a practical consideration. But there is that risk that he could say, no, you know, I believe that you have not been deterred. I think the judge – candidly, the judge talked about why he sentenced that way, and he said, I wanted to make a point. That's why I didn't explain sentences. It's a very interesting colloquy or very interesting explanation that Judge Shub gave. He's – you know, he said, I didn't – I don't feel comfortable explaining my sentences when I'm coming down with a hard sentence. I want it to sting. And I think he got that effect. And so it may be, if we go back, that he'll look at that and say, I got the effect I wanted last December when I sentenced you to 12 months. So that's what I'm hopeful of in any event. But back to the question of whether the sentence was a reasonable one. Well, the statute says the – these are factors that the court shall consider. What makes you think that the statute then is exclusive because it doesn't say the factors that you – it doesn't say it's exclusively these factors. Oh, it doesn't say that the court cannot consider that. Right. Because it's the whole statutory scheme. It's a misconception, I think, that's common in our district. The punishment for an offense is what you impose under the guidelines, under Chapter 5 of the guidelines, at the original sentencing proceeding. And then part of that package will include supervised release. But the purpose of supervised release – that's why I mentioned the Johnson case from the Supreme Court. The purpose of supervised release is you've served your time, you've suffered your penalty, you've paid your debt to society. Now we're going to find out if there's a way that we can incorporate you, include you back in society. We're going to supervise you and we're going to keep you on a short leash. And if you can't make it, then we're going to put you back in prison, either to deter you or because in many cases it would be to protect the public. That's not this case, but that's another common reason that people are returned to prison for a lengthy period of time. So punishment is not a factor. It's not that – I'm not saying it cannot be considered, but it's already been considered at the original sentencing proceeding. So if you keep in mind during the violation proceeding the purpose of supervised release, which is reintegration of an already sentenced offender into the community, then no, your goal is not to punish him. Your goal is to find a way to keep him there. And when you can't do it, then maybe return him to custody. So I've noticed the amber light is on and I wanted to save some time. Thank you, counsel. Thank you. May it please the Court. I'm Samantha Spangler, assistant U.S. attorney. I've been with this case since its inception, as has Mr. Zindel. I think that his analysis on this issue of whether a district court can punish for a supervised release violation is – the defendant's argument just does not withstand scrutiny on that. The starting point is 3583e of Title 18. It says the court may, after considering specific factors, and then it indicates what the court's options are in revoking or modifying supervised release, imposing an additional term of supervised release, et cetera. In listing the factors of 3553, it does not list every single factor. But by that language – Well, it omits a pretty significant factor. But it doesn't preclude the court from considering punishment in not – Why do you think it listed the others and omitted punishment? Well, to make sure that the court at least considers those factors. And the punishment being a comparatively unimportant one, that they weren't concerned that it would consider that one? I think that it was important for Congress to specify that it wanted district courts to consider certain factors, even if it considered others, but at least consider these factors. It did not in any way preclude district judges from considering other factors. And 3553 requires the court to consider all of the following factors in imposing a sentence. As this Court is aware and as the Supreme Court has considered numerous times, including recently in Booker and Fanfan, there is this wide amount of information that a district court may consider in imposing a sentence. When a court is sentencing for a supervised release violation, it's no more constricted in what it may consider. Well, it doesn't say it may consider certain factors. It says that it may do certain things after it considers a certain number of factors. Right. But by saying that – But that's somewhat different than saying they may consider factors 1 through 5. Then you might say, well, I might consider factors 6 and 7. But they say they may consider, and then they list 1, 2, and 3. No. It says after considering those factors. Just a minute. Just a minute. I'm speaking. I'm sorry, Your Honor. Okay. They say it may consider 1, 2, and 3 after they consider these factors. That's right. And the government's position is that does not restrict what the district court may consider, but just encourages the district court to – They're saying it's after they consider these factors and anything else they want. Right. And more support for that position is found in the – in Chapter 7 itself. In Chapter 7 of the sentencing guidelines, the – as Mr. Zindel noted in his brief, the Sentencing Commission considered which way it should take an approach to supervised release violations. And one way was analyzing it under a breach of trust option. Another way would have been to impose regular sentencing guidelines just as for the original violation. And the court – or the commission decided not to go with that, but instead to go with the breach of trust. And here's what it said as to what that means. Under the breach of trust theory, imposition of an appropriate punishment for any new criminal conduct would not be the primary goal of the revocation sentence. Instead, the sentence imposed upon revocation would be intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense. And so – How does that help you? What that – what is a sanction, if not a punishment? Well, they just made a distinction between sanction and punishment. It sounds as if if you want to punish the person, you have to start a new suit on the new criminal conduct. But he can be sanctioned, that is, sent back to jail for violations of the trust. And I don't know. I didn't write this, but I just don't – I'm having a little trouble seeing how that helps you. Well – I agree. I think you're right in pointing that out that it raises a problem. I just don't think what they said makes any sense. Well, I – I don't know. What is the difference between a punishment and a sanction? That's something that Judge Shub struggled with. And I, too, commend to you to read his scholarly decision. It was scholarly when he said, well, okay, I don't want to call it a punishment. Maybe I'll call it a sanction. That was very scholarly. But I still don't know the difference between punishment and a sanction. But I want to point – I want to emphasize this breach of trust for failing to abide by the conditions of the court-ordered supervision. And that's what Judge Shub focused on very much. Well, he did. But in truth, it was a – his primary purpose was punishment, it seemed. Do you call it sanction or punishment? It was a non-enumerated factor. Well, I think that what Judge Shub said is very important. It seems to me, just in my simple way of thinking, that when a court orders somebody to do something, when a United States district court orders somebody to do something and they don't do it, and you order them to do it again and they don't do it, and you order them to do it a third time and they don't do it, there ought to be a sanction. And supervised release, if you go with the purpose that Mr. Zindel has identified, the purpose is to reintegrate this person into society and to give them guidelines for how to behave themselves, how to comport their behavior so that they're a law-abiding citizen, and then they repeatedly are told, don't use drugs, show up for drug tests, show up on time for drug tests, and they repeatedly cannot follow those rules, then it's appropriate for the court, under the guidelines and under 3583 and 3553, to impose a sanction or a punishment for failing to do that, so that they get the message that, okay, once you're done with this and you get out again, then you need to behave yourself, and this is a wake-up call. I don't know why they use these terms the way they did, but it seems that, as I was saying, there is a need for a sanction in order to deter them from doing this again. And I think that's an important point, Judge Vestani, because this Court can uphold a district court sentence on any ground that's supported by the record. And you can look at it as a deterrent as opposed to a punishment, and the same thing is, you get to the same result. You don't think we have to, that the district judge doesn't have to state his reasons at the time that he imposes this? No. And that's based on the Lockhart case. The Lockhart case very carefully analyzed 3553C, which is the provision that says what the statement of reasons has to contain. And in Lockhart, the Court said that it doesn't matter whether the Court only said basically a general statement of its reasons, which is how it got to the sentence that it imposed. It does not have to give a more specific statement, because what's applicable here is not a guideline range, but merely a policy statement. And they're different. And Lockhart, of course, came down when all of the guidelines were before Booker and the Chapter 2 and 3 and 4 provisions were mandatory, while the Chapter provision and Chapter 7 provisions were merely advisory, as all of the guidelines are now. But the difficulty with that is, now that we have advisory guidelines, how are we supposed to gauge the reasonableness of the district court's decision if the district court does not articulate it with specificity? Well, I think that Booker raised a whole new set of problems for this Court in analyzing the reasonableness of sentences. But I think that the district court, when it is dealing with a supervised release violation, is just in a different position than it was or than it is when it's imposing sentence initially. When it's imposing a sanction, a sentence, based on a supervised release violation, then it's got much more discretion than it had at the time that it was posing its initial sentence. But in this particular case, the district court did give reasons. Even before we went back on the bail hearing, it gave much more in the way of reasoning and analysis. And that reasoning analysis can be inferred based on the colloquy that it had with counsel. It doesn't have to be just its statement of reasons that it said at the very moment that it imposed the sentence. And that's entirely fine. I'm imagining it had a lot out of that colloquy. I mean, the one about, you know, a lot of other people have it worse than you, that kind of thing? Right. And he also talked about how he's had this ongoing problem with drug dealing. I mean, all of that implies that the – I'm sorry, drug use, not drug dealing. But all this ongoing problem with drug use and failure to test and failure to report on time for testing. I see that my time is up. Thank you. Thank you, counsel. Two things that I wanted to respond to specifically. I think it's true that the Court can consider anything at sentencing for violation, but the question is not what it can consider, but what are the purposes to be served by the sentence. And if you look at 3553, it says the Court shall consider these factors. These are the purposes of sentencing. And punishment is not one of the purposes of violation of sentencing. So, again, the argument would be that it's not statutorily prohibited, but if we're taking Booker, it would be unreasonable to rely on an unenumerated factor outside the normal framework of the guidelines? Is that your remark? Exactly. Well, it would also be, I assume, that they left out that section for that reason. The other section that they left out, it's because of the purpose of the sentence and proceeding to punish. The other section that they left out was A3, which is the kinds of sentences available, and they left that out, obviously, because it's right in 3583. You can modify, continue on supervision, terminate supervision. The other point I wanted to make, though, is on the reasons question. The government has cited this Lockard case, but ten years after Lockard, this court decided United States v. Moussa, M-U-S-A, which is right on point. It's a case where Judge Real sentenced a man to three years in prison on a supervised release or probation violation, and the range in that case was three to nine months. And this court wrote, because the district court went outside the policy statement range, 18 U.S.C. section 3553 C2 applies and requires the district court to state in open court the, and I quote, specific reason for the imposition of a sentence different from that prescribed in the policy statement. And that's ten years after Lockard. And that's exactly what happened here. What we didn't get was a statement of the specific reason why, as the district court said, the guideline range was inadequate to meet the purposes under 3553A. And obviously, one of those purposes that the court had in mind was not one of the purposes of sentencing. Can I ask, will there be anything left on the supervised release period after the 12 months? He did not order an additional term of supervised release. Okay. So that's the end of it. Right. Yes. Okay. Thank you, Your Honor. Thank you, counsel. The case just argued will be submitted.
judges: Reinhardt, Thomas, Restina